of error to reverse the judgment the record fails to show whether the trial judge took judicial notice of the ordinance in question as required by section 54 of the Municipal Court Act (J. & A. ¶ 3371), the Appellate Court will presume that the statute was complied with.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when motion for rule requiring filing more specific statement necessary in action for penalty.* In an action to recover a penalty for violation of a city ordinance relative to gaming, where the complaint is objected to as being indefinite, defendant's remedy is to move for a rule to require plaintiff to file a more specific statement as in other cases of the fourth and fifth classes under the Municipal Court Act, as such an action is a civil action and the complaint therein stands as a statement of plaintiff's claim.

5. GAMING, § 43*—*when evidence sufficient to sustain judgment.* In an action to recover a penalty for violation of an ordinance of the City of Chicago, relative to gaming, a judgment for plaintiff, *held* not manifestly against the weight of the evidence.

---

## City of Chicago, Defendant in Error, v. Otto Coorth, Plaintiff in Error.

### Gen. No. 20,210. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by the City of Chicago against Otto Coorth, defendant, in the Municipal Court of Chicago, to recover a penalty for violation of section 2012 of the Chicago Code of 1911. This case presents the same questions of law raised in *City of Chicago v. Lesser,* No. 20,211, *ante,* p. 37, and a judgment for plaintiff in this case was affirmed on the authority of that case.

GEORGE REMUS, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; JOHN F. POWER, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

---

## J. F. O'Brien, trading as J. F. O'Brien & Company, Plaintiff in Error, v. H. L. Newhouse, Defendant in Error.

### Gen. No. 20,631.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by J. F. O'Brien, trading as J. F. O'Brien & Company, plaintiff, against H. L. Newhouse, defendant, in the Municipal Court of Chicago, to recover the amount of broker's commissions for negotiating leases of defendant's property. Defendant, in addition to an affidavit of merits, filed set-off. The court found the issues against plaintiff and for defendant on his set-off and assessed defendant's damages on his set-off at eight dollars.

The controverted questions arise as to two leases, known as the "Daube" and "Berger" leases. The only evidence as to the Daube lease was the testimony of plaintiff and defendant, plaintiff claiming and defendant denying that plaintiff procured such lease. As to the Berger lease it appeared that plaintiff negotiated with Berger to induce him to take a lease of defendant's store, but Berger declined, whereupon plaintiff abandoned further negotiations with Berger after noti-